# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | |
| ) | |
| **TERRELL CASS WILEY** and ) | Case No. 06-00698-TLM |
| **WALTER JERROLD WILEY,** ) | |
| ) | **MEMORANDUM OF** |
| Debtors. ) | **DECISION** |
| _____ ) | |

## I.    FACTS AND BACKGROUND

Terrell and Walter Wiley ("Debtors") filed a joint chapter 7 petition on June 16, 2006.[1] Debtors claimed as exempt $17,900.00 they received from the Ada County Highway District ("ACHD"), which condemned a "corner" of their residential property. Debtors did not contest the taking and conveyed the land to ACHD by warranty deed on May 31, 2006. *See* Doc. No. 31 (warranty deed). It is unclear when exactly they received the $17,900.00 ("condemnation proceeds"), although Debtors stated at hearing it took place pre-petition.

Debtors claimed in their schedules the condemnation proceeds were exempt under Idaho Code §§ 55-1001, 55-1002 and 55-1003. *See* Doc. No. 1 at sched. C. The chapter 7 trustee ("Trustee") timely objected to the exemption.[2]  Doc. No. 15.

---

[1] The Bankruptcy Code, Title 11, U.S. Code, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. 109-8, 119 Stat. 23 (April 20, 2005) applies to this case as it was filed after the general effective date of October 17, 2005.

[2] A party in interest objecting to a claim of exemption must do so within 30 days after conclusion of the meeting of creditors. Interim Fed. R. Bankr. P. 4003(b)(1). In this case,
(continued...)

MEMORANDUM OF DECISION - 1

Oral argument was heard on September 18, 2006. In their post-hearing brief, Debtors claimed, for the first time, the condemnation proceeds were also exempt under Idaho Code § 55-1113. *See* Doc. No. 28 at 2.

Trustee argues neither the Bankruptcy Code nor Idaho law allows Debtors "to define their homestead exemption as both the property *and* the proceeds from the sale of a portion of the property." Doc. No. 30 at 4 (emphasis added). Similarly, Trustee contends Idaho's homestead laws do not protect the proceeds of a real property sale, unless the "dwelling house" is affected. *Id*. at 6. Trustee also claims the $17,900.00 was a "settlement," and the only "settlements" subject to exemption are those for bodily injury under Idaho Code § 11-604(1)(c). *Id.*

## II.   DISCUSSION AND DISPOSITION

The Court is disheartened by the shaky factual record both sides have presented. For example, absent the Court's questioning at hearing, no one would have addressed whether Debtors became entitled to, or received their condemnation proceeds prior to or after filing their petition, a signal date in determination of exemptions. The Court still does not know the actual date on which Debtors acquired the proceeds. Nor is there any evidence as to whether the funds were preserved or commingled or where those monies are now.

---

[2](...continued)
Trustee filed her objection on July 18, 2006. Doc. No. 15. The meeting of creditors was not concluded until August 3, 2006. *See* Doc. No. 19.

MEMORANDUM OF DECISION - 2

Ultimately, however, the Court concludes it can address the very limited legal issues that have properly been presented to date. On those issues, the following constitutes the Court's findings and conclusions in this contested matter. Fed. R. Bankr. P. 7052, 9014.

### A. Exemptions available under Idaho law

When a debtor files a bankruptcy petition, a bankruptcy estate is created, comprised of all of the debtor's legal or equitable interests in property as of the commencement of the case. *See* § 541(a)(1). Section 541 notwithstanding, debtors may exempt certain property from the estate pursuant to state or federal law. *See* § 522(b)(1). Pursuant to § 522(b)(3), Idaho has "opted out" of the federal bankruptcy exemptions, leaving for debtors only the exemptions provided under state law. *See* Idaho Code § 11-609. Idaho law, therefore, controls the validity of the claimed exemption, though this Court interprets and applies that state law in bankruptcy proceedings. *In re DeBoer*, 99.3 I.B.C.R. 101, 102 (Bankr. D. Idaho 1999). The debtor's exemption rights are fixed as of the petition date. *In re Parks*, 96.2 I.B.C.R. 64, 65 (Bankr. D. Idaho 1996); *see also In re Lopez*, 05.3 I.B.C.R. 80, 81 (Bankr. D. Idaho 2005).

The objecting party has the burden of proving an exemption is not properly claimed. Fed. R. Bankr. P. 4003(c). If the objector presents sufficient evidence to rebut the prima facie validity of the exemption, the burden shifts to the debtor to demonstrate the exemption is proper. *Lopez*, 05.3 I.B.C.R. at 81 (citations

MEMORANDUM OF DECISION - 3

omitted). Idaho's exemption statutes are liberally construed in favor of the debtor. *Parks*, 96.2 I.B.C.R. at 65. However, the statutory language may not be "tortured" in the guise of liberal construction. *Collins*, 97.3 I.B.C.R. at 79.

### 1.     Idaho Code § 11-604

Trustee attempts to characterize the condemnation proceeds as a "settlement." She then argues there is no cognizable exemption in "settlement" proceeds other than that of Idaho Code § 11-604. This strained argument fails. That statute exempts, among other things, "settlement[s], or other rights accruing as a result of bodily injury[.]" Idaho Code § 11-604(1)(c). Section 11-604 simply does not apply to this case. Nothing in § 11-604 itself, or elsewhere in the Idaho Code suggests the term "settlement" has the all-encompassing meaning Trustee advances. Nor does she provide case authority supporting her interpretation. Her objection pursuant to Idaho Code § 11-604 is therefore denied.

### 2.     Idaho Code §§ 55-1001, 55-1002, 55-1003

Idaho residents may claim a homestead exemption up to $100,000.00. Idaho Code § 55-1003. The "homestead" includes the "dwelling house" in which the owner resides or intends to reside, "with appurtenant buildings," as well as "the land on which the same are situated and by which the same are surrounded, or improved[.]" Idaho Code § 55-1001(2). Section 55-1002 deals with community property interests in the homestead.

MEMORANDUM OF DECISION - 4

In their Schedule C, Debtors claim as exempt their dwelling house and the land on which it sits as a homestead under §§ 55-1001, 55-1002 and 55-1003.[3] They also, however, claim the condemnation proceeds as exempt under the very same statutes. Debtors have not cogently or persuasively explained how they can receive the benefit of the homestead exemption on the dwelling and the real property and simultaneously claim the very same statutory exemption on the condemnation proceeds.

Moreover, none of these statutes cited by Debtors in their Schedule C purport to cover cash proceeds from the sale, voluntary or otherwise, of a homestead, or any part thereof. Accordingly those statutes provide no basis for Debtors' attempt to exempt the $17,900.00 they received from ACHD. The Trustee's objection on this ground will be sustained, and the exemption under Idaho Code §§ 55-1001 - 1003 as to the proceeds will be disallowed.

### 3.  Idaho Code §§ 55-1113

Idaho Code § 55-1113 is found within the chapter entitled "Sale of Homestead on Execution," Idaho Code Title 55, Ch. 11, and states:

> The money paid to the claimant is entitled, for the period of six (6) months thereafter, to the same protection against legal process and the voluntary disposition of the husband, which the law gives to the homestead.

---

[3] This exemption was not objected to by any party and the time to object under Fed. R. Bankr. P. 4003(b) has expired. The homestead exemption in the real property and the dwelling is allowed.

MEMORANDUM OF DECISION - 5

This statute exempts proceeds from the forced sale of the homestead. *See, e.g., In re Mingo*, 95 I.B.C.R. 4, 6 (Bankr. D. Idaho 1995).

Debtors never advanced an argument under this statute at hearing or in their pre-hearing briefs. They cited § 55-1113 for the first time in their post-hearing brief. Importantly, Debtors have not amended their schedules to assert an exemption in the condemnation proceeds under Idaho Code § 55-1113.

As noted, the parties gave the Court a vague and incomplete factual record. Debtors now also assert, in support of an exemption, a statute they have not properly alleged or claimed in a filed Schedule C. The Court need not accept such a presentation of issues, or attempt to fashion a cogent ruling thereon. Certainly the Court cannot conclude Idaho Code § 55-1113 was tried by the parties' agreement or that the Debtors' Schedule C should be deemed amended.

The Court will decline to address at this time whether Idaho Code § 55-1113 applies to condemnation proceeds. It can do so if and when it is properly pleaded and both parties have addressed the relevant authorities.[4] The Court notes that it appears important to know exactly when Debtors received the condemnation funds; whether they have been spent and, if so, how; if those funds are currently possessed, in whole or part, by Debtors; and, perhaps, what Debtors intend to do

---

[4] The Court is not required to and will not address issues or authorities unless (a) the specific statue is advanced as a basis for exemption in a filed Schedule C and (b) the Trustee and other affected parties are provided an opportunity to object as contemplated by the Bankruptcy Rules.

MEMORANDUM OF DECISION - 6

with those funds. So far, the parties have given short shrift to presenting a competent factual record, or evaluating that record in regard to the statutory provisions implicated.

### III. CONCLUSION

Trustee's objection, Doc. No. 15, will be denied in regard to her contentions under Idaho Code § 11-604, but otherwise will be sustained. The $17,900.00 Debtors received as condemnation proceeds from ACHD are property of the bankruptcy estate. No exemption therein exists under Debtors' cited authority, Idaho Code § 55-1001 to 55-1003. An order consistent with this Decision will be issued by the Court.

DATED: October 12, 2006



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION - 7